HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERALD MAROLDA, III,

    Plaintiff,

v.

AT&T CORP., a New York corporation, et al.,

    Defendants.

Case No. C05-5769 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion for Leave to Amend Complaint to Eliminate Title VII Claim and Remand to State Court [Dkt. #6].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On or about November 3, 2005 plaintiff filed his First Amended Complaint in Pierce County Superior Court in which he alleged that "[p]ursuant to Chapter 49 RCW and Title VII of the Civil Rights Act of 1964, the defendants, in terminating Mr. Marolda's employment discharged him because he opposed practices forbidden by Chapter 49 RCW[ ] . . . ." First Amended Complaint, ¶ 4.3.  Based upon the above quoted language, on November 28, 2005, the defendants properly removed the case to this Court asserting federal question jurisdiction.

Plaintiff seeks leave to amend his complaint to remove any allegations of a Title VII claim, stating that the inclusion of the Title VII language was due to scrivener's error and then asks this Court to remand the matter to state court pursuant to 28 U.S.C. § 1367(c)(3).  Defendants do not oppose the proposed amendment,

ORDER
Page - 1

but they do argue against remand because they prefer this Court's local rules regarding mediation of claims.

Title 28, United States Code, Section 1367(c)(3) provides in pertinent part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]

In deciding whether or not to exercise supplemental jurisdiction, this Court considers the factors of judicial economy, convenience, fairness, and comity. *O'Connor v. State of Nevada*, 27 F.3d 357, 363 (9th Cir. 1994). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of [the factors of judicial economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state law claims." *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992), *cert. denied*, 507 U.S. 1004 (1993) (internal quotations omitted). Here, the balance of factors weighs toward declining to exercise supplemental jurisdiction. This is a new case in which the Court has not invested significant resources, the state court is an equally convenient forum, fairness is not affected, and the concept of comity is advanced by allowing the state court to determine issues of purely state law. It is therefore

**ORDERED** that Plaintiff's Motion for Leave to Amend Complaint to Eliminate Title VII Claim and for Remand to State Court [Dkt. #6] is **GRANTED**. Plaintiff's claim in paragraph 4.3 of his First Amended Complaint to the extent it raises a claim under Title VII is **DISMISSED**. The Clerk shall file plaintiff's Second Amended Complaint [Dkt. #8] and then shall remand this matter to the Pierce County Superior Court. The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 17th day of January, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE